### ORPHAN ASYLUM vs. MISSISSIPPI MARINE INSURANCE CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a corporation, by a vote of its directors, appoints an attorney at law
to manage its legal business for a year, with a stated annual salary, and
he accepts the office, the contract is binding on both parties for the
period of one year, when there is no provision authorising either party
to retract at will.

So where an attorney at law was appointed the attorney of the insurance
office of defendants, with an annual salary of five hundred dollars,
and was dismissed by the board of directors at the end of two months
and a half : *Held*, that he is entitled to recover his salary for the whole
year.

This is an action to recover the sum of five hundred
dollars from the defendants, being the amount of the annual

EASTERN DIST.
*April,* 1835.

ORPHAN ASYLUM
*vs.*
MISS. MARINE
INS. CO.

salary of the attorney of the defendant's insurance office, which has been duly assigned to the plaintiffs.

The evidence shows that on the 20th November, 1833, John Slidell, Esq. was appointed attorney of the Mississippi Marine and Fire Insurance Company, which was notified to him by the President, and accepted, in the following terms : "You have been appointed by the board, attorney for this office. You will please say in reply to this, whether you will accept the same. The salary is five hundred dollars per annum." To which Mr. Slidell replied, on the 20th, "I accept the appointment, and am prepared to receive any commands in relation to the institution, with which you may ·be pleased to honor me."

At a stated meeting of the board of directors held on the 6th February, 1834, H. Lockett, Esq., was appointed attorney of the institution, which was notified by the secretary to Mr. Slidell. To which he replied, that "having been appointed without solicitation on his part, and removed without cause, he should expect payment of the salary of an entire year ; and should, at the proper time exact that payment, if it be refused, appropriating the amount to the benefit of the Male Orphan Asylum."

There was no resolution of the board or extract from the minutes of its proceedings relative to this election, in evidence. All that related to the appointment, tenure and salary of the office, was expressed in the letter of notification by the president.

*C. Harrod,* president of the company, witness for plaintiffs, says, that Mr. Slidell was elected in the place of Mr. N. Morse, deceased. That Mr. Morse was the attorney of the office, for several years, and from his first appointment until his death. Mr. Slidell was elected to fill the vacancy occasioned by the death of ·Mr. Morse ; and that the new board at its meeting, elected Mr. Lockett, as it is customary with a new board, to elect new officers.

*Mr. Story,* late president, states, "that at the time of Mr. Slidell's appointment he was president of the defendant's institution : that his impression was, that Mr. Slidell was

elected by the year and that none of the directors supposed that he would be removed in three months. Witness was president of said company seven or eight years, and Mr. Morse and Mr. Slidell, were the only attorneys during that period. That Mr. Slidell during his appointment attended to several suits for the company ; that no cause of complaint existed against him during that period.

EASTERN DIST.
*April,* 1835.

ORPHAN ASYLUM
*vs.*
MISS. MARINE
INS. CO.

The defendants denied that they were in manner indebted to the plaintiffs, except for a balance of one hundred and four dollars due to Mr. Slidell, which they were and had been at all times ready to pay.

The district judge, who tried the cause in the first instance, inferred, from the letter of acceptance and from what appears to be the usual practice, that the attorney was not elected for a specified period of time, but elected generally at a salary of five hundred dollars per annum. That the case of an overseer is governed by the article 2719 of the *Louisiana Code,* and he cannot be discharged without good cause. In regard to clerks, they come under article 2718, and the contract is commutative. The employer may dismiss his clerk, and the clerk leave his employer at pleasure. The case of an attorney or physician, although it appears an extension of the rule, should be governed by the same principle. Judgment was rendered for one hundred and four dollars and costs in favor of the plaintiffs, but rejecting the claim for the annual salary. The plaintiffs appealed.

*G. B. Duncan,* for the plaintiffs.

*Lockett, contra.*

*Mathews, J.,* delivered the opinion of the court.

The plaintiffs in this case, claim as assignees of John Slidell, five hundred dollars from the defendants on a contract made by the latter with the assignor, whereby they agreed to pay to him that sum for professional services to be rendered as attorney and counsellor at law, for the space of one year. The insurance company refused to accept these services

EASTERN DIST. *April*, 1835.

ORPHAN ASYLUM
*vs.*
MISS. MARINE
INS. CO.

Where a corporation, by a vote of its directors, appoint an attorney at law, to manage its legal business with a stated annual salary, and he accepts the office, the contract is complete and binding on both parties, for the period of one year, when there is no provision authorising either party to retract at will.

longer than about three months from the date of the contract, without alleging any cause to authorise a violation of their agreement. The Court below gave judgement against them *pro rata,* from which the plaintiffs appealed.

The contract commenced by a vote of the board of directors appointing the person, under whom the appellants claim, their attorney with a salary of five hundred dollars per year. This order was noticed to him by the president, and the office was accepted by the attorney. From the date of the acceptance the contract was complete and binding on both parties, for the period of one year after its ratification, unless the law under which it was made authorises either party to retract *ad libitum,* without assigning any just cause for the change of will. The district court after argument and discussion of several articles of the code, on the subject of letting and hiring, came to the conclusion that the attorney in the present instance, stands in the predicament of a hired servant, attached to the person or family of his employer.

This principle assumed, is the main basis of the judgment of that court. But we are unable to admit its correctness without relinquishing our understanding of language and opinions touching the relations of men in civil society, counsellors and attorneys are admitted to the profession of law, on the supposition of learning and integrity. To place them in the precise category of meniel and domestic servants, appears to us would be incongruous and unauthorised by the law. Their utility in the service of others depends on mental acquirements; they are valuable on the score of their science.

If the employer of an artisan, or even a common laborer, when the contract is made for a specific sum to be paid for services to be rendered during a fixed period, cannot discharge the hireling unless for good cause, without being responsible for the payment of the price of the whole term of service, what sound reason can present itself to the mind of any person, why one who contracts to give the use of his mental exertions and services to another should not have a

right to claim the entire benefit of a contract made for a determined period?

Any license given to parties bound by contracts to dissolve the obligation arising from them at the will of either, forms an exception to the general rule of inviolability which should prevail in all agreements legally made between individuals. The attorney employed by the defendants in the present case, does not come within any exception to the general rule; he and those under him have therefore a right to claim its benefit. See *Louisiana Code, article 2718, 2719 and 2720.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, annulled and reversed; and it is further ordered, adjudged and decreed, that judgment be here entered in favor of the plaintiffs and appellants, against the defendants and appellees, for the sum of five hundred dollars, with interest at the rate of five per cent. per annum, from the judicial demand, and costs in both courts.

Eastern Dist.
*April,* 1835.

So, where an attorney at law was appointed the attorney of the insurance office of defendants, with an annual salary of five hundred dollars, and was dismissed by the board of directors, at the end of two and a half months: *Held,* that he is entitled to recover his salary for the whole year.