Decamp v. Hewitt and others.

JAMES C. DECAMP *v.* JAMES HEWITT and others.

Where one employed as salesman by the year, at a fixed salary, is discharged before the end of the year, without any serious ground of complaint, he will be entitled to his salary for the whole term for which he was engaged.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.
*C. M. Randall*, for the plaintiff.
*C. M. Jones*, for the appellants.

MORPHY, J. The defendants have appealed from a judgment which condemns them to pay to the plaintiff $1,057 85. This sum is claimed on the allegation that on or about the 8th of January, 1844, the defendants engaged the services of the plaintiff as a salesman in their commercial house, for the term of one year from that time, at a salary of $1200 a year; that on or about the 12th of March following, the defendants discharged him from their employment without any just cause, and refused to pay him the aforesaid salary for one year, in violation of their contract, although the petitioner tendered to them his services for the balance of the year for which he had been engaged, and that they paid to him only the sum of $142 15, leaving yet due the balance now claimed. The defence set up is, that the defendants had a right to turn off the plaintiff as they did, because he was utterly useless to them as a salesman, being incompetent to discharge his duties as such, and not possessing the necessary skill, attention and industry.

This case presents only a question of fact, to wit, whether

the plaintiff was competent to discharge the duties he undertook to perform for the defendants?  A number of merchants of high standing, all well acquainted with the plaintiff for a long time, and some of whom had had him in their employ, testified to his uncommon industry, activity and general knowledge and experience as a salesman of western produce; and it appears that the defendants themselves were well aware of his merits as a salesman, for, more than a year before they actually employed him, they expressed the desire of having his services, saying that he was just such a person as they wanted.  It does not appear that at the time of discharging plaintiff, or previously, they intimated to him, or expressed to others any dissatisfaction with him; and when they made out their account with him, they allowed him a month's salary beyond the time they intended to keep and did keep him.  On the trial, the defendants attempted to show the incompetency of the plaintiff, by proving that he committed various errors in making entries of his sales in the blotter, from which the book-keeper carries the accounts into the regular books.  The errors complained of are represented by the witnesses as unimportant, and such as commonly occur, and cannot be prevented in that kind of business, which is generally done in a hurry.  They say that these errors, which sometimes occur in every house doing such an extensive business as that of the defendants, are generally rectified by the principal, or the clerk who makes out the bills.  The defendants also complain that the plaintiff refused to carry out the particulars of the sales made by him from the blotter into the sales book; but the plaintifi has proved by several witnesses that it was no part of his duty, as a salesman, to do so.  On an attentive examination of the whole evidence, we see no reason to differ from the judge below in the conclusion to which he came.

*Judgment affirmed.*