### Same Case—On a Re-hearing.

Prescription runs against a vendee's action of warranty from the date of the eviction, and not from that of the sale.

Where a party excepts to the jurisdiction of the court, but proceeds to trial without asking for judgment on his exception, it will be presumed to have been waived.

The counsel of the defendants prayed for a re-hearing.

Garland, J. The widow and heirs of Henry Clement have asked for a re-hearing in this case, on the grounds :

First. That they should have been entirely discharged on their plea of prescription of ten years, which it is said the court did not notice.

Secondly. That they should have had judgment against William Miller, their warrantor ; and that that part of the judgment discharging him should not have been affirmed.

Upon the first ground, we see no reason to change our previous opinion. The plea of prescription does not protect the defendants, as neither ten, nor five years had elapsed from the time they became responsible on their contract of warranty. The plaintiffs were not evicted until the United States, by the operation and approval of Phelps' survey and sale of the land, put them out of possession. The obligation to pay did not arise until the eviction; and, as a consequence, prescription did not run until the plaintiffs had a right to set up a demand of payment.

Upon further examination and reflection, we are of opinion that the defendants should recover of William Miller, their warrantor, the sum they are condemned to pay to the plaintiffs. Miller sold the land to Henry Clement; it being part of a tract of 3,120 *arpents;* the price was $3,900. The stipulation of warranty is that, if Clement should be evicted by a better title, then Miller, his heirs, &c, bind themselves to refund to Clement, his heirs or assigns, the said sum of $3,900, and no more. Miller is a non resident. A curator *ad hoc* was appointed to represent him, who notified him of the call in warranty, and of his appointment, and pleaded the general issue. . Subsequently Miller appeared by his counsel, and averred that, the court had no jurisdiction over him, as he did not reside in the State; and, further, that the court had no jurisdiction over the subject matter, as the land was in the parish of Rapides. A general denial of all the allegations was also filed. The court below took no notice of the exceptions, but decided that the demand in warranty should be dismissed, although a judgment was given for the plaintiffs, against the heirs of Miller's vendee, for $287 50.

In this part of the judgment, we think, there is error. No judgment having been asked for by Miller's counsel, on his exceptions, and he having proceeded to trial, we must presume he waived them. It, therefore, only remains to inquire, whether or not Clement, or his vendees, have been evicted? It has been shown that they were, in the first judgment pronounced in this case, and Miller, as warrantor, is responsible for the amount they have to pay as an indemnity to the plaintiffs. The price at which Miller sold the land to Clement, is but little different from that the plaintiffs gave the United States for it.

It is ordered and decreed, that so much of the judgment of the Commercial Court, as dismisses the demand in warranty of the defendants against William Miller, be annulled and reversed; and it is ordered that Elizabeth Wood, widow of Henry Clement, do recover of William Miller, the sum of two hundred and fifteen dollars sixty two and a half cents, with interest at five per cent per annum from the 16th January, 1841, until paid; that Mary Clement, wife of Charles A. Luzenburg, also recover the sum of $35 93, with the like interest; and that the legal representatives of Eliza Ann Clement, late wife of Benjamin Story, also recover of said Miller, the sum of $35 93, with like interest; and, further, that said William Miller pay the costs of the suit and of this appeal.