LATTIER<br>v.<br>RACHAL.

---

## SHOEMAKER v. H. &. L. BRYAN.

Under Art. C. C. 2720, which is held to apply to all persons except menial servants, the right of action of a pilot, who has been discharged "*without any serious ground of complaint*," for his wages for the full term for which he was employed, accrues immediately upon his discharge, and the prescription of one year against his *suit* will commence when the right of action has accrued.

12 697<br>52 2109

APPEAL from the District Court of Natchitoches, *Chaplin*, J.

*Hamilton & Chaplin*, for plaintiff. *J. B. Smith*, for defendants and appellants.

SPOFFORD, J. The plaintiff sued the defendants, owners of the steamer Belle Gates, for twenty-one hundred dollars, alleged to be the balance due him for his wages as pilot on the said steamer. He had judgment and the defendants have appealed.

The prescription of one year was pleaded and is applicable to the case, the wages of officers, &c., of vessels being governed by that prescription. C. C. 3499 §6.

The plaintiff has alleged and proved a contract for a certain time, to wit : for the season, beginning in January and ending on the 1st September, 1855, during which, the defendants agreed to employ him at a certain salary, as a pilot upon the Belle Gates, in the Red River trade. He also answered that "before the end of the season, the defendant, *Leon Bryan*, took the said boat up the Arkansas River, and discharged petitioner without any just cause whatever." The time when the boat was taken out of the Red River trade, and when this

SHOEMAKER
v.
BRYAN.

alleged discharge, therefore, took place, is fixed by one of the plaintiff's wit-
nesses in the month of March, 1855. "If, without any serious ground of com-
plaint, a man should send away a laborer whose services he has hired for a cer-
tain time, before that time has expired, he shall be bound to pay to such labor-
er the whole of the salaries which he would have been entitled to receive, had
the full term of his services arrived." C. C. 2720.

This article has been held to apply to all persons, except menial servants,
who hire out their services for a fixed period, as for instance, clerks, attorneys-
at-law, employed by an insurance company for the year, at a salary, superin-
tendents of cotton presses, agents employed to assist the claimant of an estate
in recovering it, &c., &c. *Orphan Asylum* v. *Mississippi Marine Insurance
Company*, 8 La. 181; *Beekman* v. *New Orleans Cotton Press*, 12 La. 68;
*Angelloz* v. *Rivollet*, 2 Ann. 652; *Lautigue* v. *Peet*, 5 Rob. 91; *Decamp*
v. *Hewit*, 11 Rob. 290.

And it is well settled that when there is a discharge of the *employé*, as is al-
leged in this case, without any serious ground of complaint, the salary stipu-
lated for the whole term becomes due, and the right of action therefor accrues
immediately upon the discharge. *Sauborne* v. *Orleans Cotton Press*, 15 La.
360; *Shea* v. *Schlatee*, 1 Rob. 319.

The plaintiff's salary for the season, therefore, fell due in March, 1855, when
he was discharged. And prescription commences to run when a right of ac-
tion accrues. The citations in this suit were not served until the 21st August,
1856. The term of prescription was then complete, as there had been no in-
terruption in any of the modes pointed out in Article 3500 of the Code.

It is, therefore, ordered, that the judgment of the District Court be avoided
and reversed, and that there be judgment for the defendants, with costs in both
courts.