JOHN W. MARTIN *v.* H. & L. BRYAN.

An action to recover wages of the officers, sailors and crews of ships and other vessels, is pre-
scribed in one year, whether they are employed by the season or by the month.

APPEAL from the District Court of Natchitoches, *Chaplin,* J.
    *Hamilton & Chaplin,* for plaintiff. *J. B. Smith,* for defendants and ap-
pellants.

    MERRICK, C. J.    The plea of prescription must be sustained.

    The action is brought to recover $2,100, the balance of wages (after allowing
a credit of $300) alleged to be due the plaintiff for services as a pilot on Red
River, on the steamboat Belle Gates, for the season of 1855; that is, from
January until about the first of September of that year.   Petitioner further
alleges, that he was discharged before the expiration of the season, without
cause.   The plaintiff's cause of action accrued when he was discharged.   1
Rob. 321.   As he went into the employment of the owner of the steamboat
Magnolia Branner, in May, 1855, from whom he received $750, he must have
been discharged before that time.   Service of citation was made 21st of August,
1856.   Without, therefore, relying upon the testimony of *Adam Leonard,*
(which appears to us free from suspicion or bias,) we find that the prescription
of one year, under Art. 3499 C. C., had elapsed, and that the plaintiff's action
was barred.   10 Rob. 53; 11 Rob. 403.

    But it is said the contract was by the season, and, therefore, not covered by
the Article of the Civil Code in question.   This Article applies "to the wages
of the officers, sailors and crew" of ships and other vessels.   It does not dis-
tinguish whether those wages are for services by the month or the season, and
we cannot distinguish where the law does not distinguish.   C. C. 8, 20; 6
Toul. 75.

    Again, it is said that one of the defendants was absent from the State, and,
therefore, the maxim *contra non valentem agere, non currit prescriptio* ap-
plies.   The plaintiff, in his petition, alleges that the defendants are residents in
the parish of Natchitoches.   Service was made upon a free white person re-
siding with them at their domicil, and there is nothing to show that the ser-
vice of citation might not have been made at any time after the cause of action
accrued, as well as when it was made.

    It is, therefore, ordered, adjudged and decreed, by the court, that the judg-
ment of the lower court be avoided and reversed; and that there be judgment
in favor of the defendants and against the demand of the plaintiff, he paying
the costs of both courts.