No. 10,220.

SEARING TAYLOR, EXECUTOR, VS. CITY OF NEW ORLEANS.

1. The action of an attorney for his professional fees and emoluments is barred by the prescription of three years, whether the services for which they are claimed be rendered under a contract or under a *quasi* contract.

2. The authority of an attorney to represent his client is always presumed, and where there is no denial of such authority the services stand as rendered under an implied contract on the part of the client to pay their value.

3. Where a claim for professional services made against a city is referred to experts, without other action, such a reference does not imply an acknowledgment of the debt interrupting prescription.

APPEAL from the Civil District Court, Parish of Orleans.
*Houston*, J.

---

*Thos. J. Semmes & Legendre*, for Plaintiff and Appellant.

---

*W. B. Sommerville*, Assistant City Attorney for Defendant and Appellee.

---

The opinion of the Court was delivered by

FENNER, J. The plaintiff, as legal representative of the late Miles Taylor, brings this action for fees due the said Miles Taylor on account of professional services as attorney at law in the famous Gaines litigation.

The claim was met by various defenses amongst which was the plea of prescription of three years, which was sustained in the Court below.

Article 3538 of the Civil Code, provides that the action of attorneys "for their fees and emoluments" is prescribed by three years.

Miles Taylor died on Sept. 23d, 1873. This suit was brought in February, 1883.

The statement of these two facts necessarily throws upon plaintiff the necessity of establishing one of two things, viz: Either (1) that the prescription of three years is not applicable to his claim, or (2) that such prescription has been prevented by some valid cause of interruption or suspension.

It is claimed by the learned counsel of plaintiff that, as to a large portion of plaintiff's claim, the prescription of three years is not applicable.

The basis of this contention is, that the services referred to were rendered outside of the contract between the City and Miles Taylor, that therefore, the obligation of the City to pay for them arose, not from contract, but from *quasi*-contract, and that *quasi*-contracts are prescriptible only by ten years.

We do not find anything in this record to indicate that, in the rendition of these services, Miles Taylor acted as a mere *negotiorum gestor*, without authority of the city. In absence of contrary proof, the law firmly presumes that attorneys act within the authority delegated by their clients. The City never, at any time, disputed the authority of Mr. Taylor to represent her in the litigation referred to.

The only point ever raised about the matter was that made by Mr. Taylor himself to the effect that these particular services were *extra* and not covered by the fixed remuneration stipulated in a particular contract, and were entitled to additional remuneration according to their value. He simply claimed on a *quantum meruit* for these services beyond and outside of the fixed fee stipulated in a particular contract for other services.

In presence of Mr. Taylor's assertion of authority by appearing and acting in the name of his client, and in absence of any denial thereof by the City we are bound to assume that he acted with such authority, and that the City's obligation to pay arose, not from a *quasi*-contract, but from an ordinary contract express or implied.

Therefore, the predicate, on which the contention rests, is not well-founded. Were it otherwise, however, the stubborn fact remains that the action is for " fees and emoluments" of an attorney, and whether the services for which they are claimed, were rendered under a contract or a *quasi*-contract, the action equally falls under the prescription pleaded. Authorities are quoted holding that where a *negotiorum gestor* pays debts due by another, his claim for remuneration does not fall under the prescription applicable to the debts themselves, because his action is not on the debts, but is the action *de in rem verso*, on the *quasi*-contract arising from his act in paying them.

In one of the cases, the court said " The plea of prescription of three years cannot prevail, because if Labuzan had no authority to borrow money, then the action is not an action for money lent, because Scott did not borrow the money, and for the same reason; it was not a matter of account, for there were no mutual dealings between the Scott and plaintiff. The action arises out of a *quasi*-contract and is prescribed by ten years." Garland vs. Scott, 15 Ann. 143; Baton Rouge vs. McDonough, 10 Ann. 395; Owen vs. Holmes, 12 Rob., 144.

But obviously the case at bar is very different, where the action is for attorney's fees brought directly by the attorney himself who rendered the services, and whether rendered as a mandatary or as a *negotiorum gestor*, the law bars such an action in three years. There is no more ground for claiming that the prescription of ten years for *quasi*-con-

tracts is applicable, than there would be that the like prescription for actions of mandate would govern.

Let us next inquire whether any interruption of prescription has been shown. Such interruption is claimed to result from the following acts of the city.

It appears that Mr. James McConnell, who has been associated with Mr. Taylor in these cases, had presented a petition to the City Council, asking that provision be made for payment of his services. On this petition the Council adopted the following ordinance, No. 7220 A. S.

"*Be it Resolved*, That the sum of $2500 be and the same is hereby appropriated to *James McConnell, Esq.*, on account for professional services rendered in the Gaines' cases, as detailed in *his* letter of June 16, 1881; provided, however, that the amount of said indebtedness shall be hereafter determined by two competent experts without delay; one to be selected by the Mayor of the City of New Orleans and the other by the said McConnell, and in the event of their failing to agree, said experts to select an umpire, whose decision shall have the force of the thing adjudged between said parties," etc. Adopted by the City Council July 19, 1881.

Shortly afterward the present plaintiff presented a similar petition in relation to the services of Mr. Miles Taylor. The only action taken thereon is the adoption by the Council of the following report of a committee: "Your committee to whom was referred the petition of H. H. Taylor, Esq., attorney for the heirs of Miles Taylor, deceased, beg leave to return said petition to your honorable body, and recommend that said petition be referred to the committee of experts appointed in the matter of James McConnell."

No action was ever taken on this claim by the experts, nor are we advised that the City Council has ever passed any other resolution in regard to it.

We are at a loss to conceive how, by any stretch of liberality, we could construe this action to be an acknowledgment of the debt claimed by Mr. Taylor. It is certainly a very strained inference which the counsel asks us to draw from this resolution, that it had the effect of applying to Mr. Taylor's claim all the statements and provisions contained in the ordinance No. 7220, with reference to the claim of Mr. McConnell. We can find no warrant for extending those provisions beyond the subject matter to which they expressly refer. We are not authorized to put into the mouth of the Council words which it has never uttered, and acknowledgments which it has never made. We are bound to hold that the Council meant what it said, and no more; and it

is impossible to say that the reference of a claim to experts is an acknowlegment of a debt.

Whilst regretting that the meritorious services of a distinguished advocate in a historical litigation should go unrewarded, the law must be our guide in this case as in that of the humblest litigant.

Judgment affirmed.