## GOULD v. LOUISIANA & ARKANSAS RY. CO.

No. 14332.

United States Court of Appeals Fifth Circuit.

April 3, 1953.

W. W. Ramsey, Vicksburg, Miss., Bentley G. Byrnes and Edward A. Wallace, New Orleans, La., for appellant.

M. Truman Woodward, Jr., New Orleans, La., Jos. R. Brown, Kansas City, Mo. and Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This action was brought by S. A. Gould, a Louisiana resident, against the Louisiana & Arkansas Railway Company, a Delaware corporation, seeking recovery of damages resulting from appellant's alleged wrongful discharge from his employment with appellee.

The complaint alleges, in substance, that appellant was a locomotive engineer employed by appellee and entitled to certain seniority and employee rights under a contract between appellee and the Brotherhood of Locomotive Engineers; that on February 22, 1942, a locomotive engine being operated by appellant was involved in a head-on collision with a passenger train "without any failure on his (appellant's) part", as a result of which appellant was discharged without cause and without the "fair and impartial hearing" provided for in the aforementioned contract. The complaint concludes with prayer as follows:

"Wherefore, complainant brings this suit and demands judgment against the defendant, Louisiana & Arkansas Railway Company, for the sum of $22,500.00 which represents the loss of earnings since the breach of contract as above set forth, and $64,300.00, which represents his earning capacity during his life expectancy, or a total of $86,800.00, and a trial by jury on all issues of facts."

The decisive question confronting this Court is whether the trial court properly granted appellee's motion to dismiss the complaint on the ground that the action was prescribed under the law of Louisiana by the one year statute of limitations, Article 3534, LSA–Civil Code, reading in pertinent part as follows: "The following actions are prescribed by one year: * * *. That of workmen, laborers and servants, for the payment of their wages."

Appellant's cause of action, if any, arose at the time his discharge occurred. Campbell v. Nicholson, 3 La.Ann. 458; Shoemaker v. H. & L. Bryan, 12 La.Ann. 697. It is without dispute, however, that the collision occurred and appellant was discharged more than five years before the instant suit was brought.

Appellant seeks to avoid the effect of Article 3534, LSA–Civil Code, by arguing that his complaint does not state a claim for wages, but an action for damages for breach of contract, and that the limitation period applicable is not one year, as provided under Article 3534, but ten years as provided in Article 3544, LSA–Civil Code, which reads: "In general, all personal actions, *except those before enumerated,* are prescribed by ten years."

Appellant does not in his complaint seek reinstatement, but seeks only the wages he would have earned from the date of his discharge until this suit was filed, and future damages, which would be measured by the present value of the wages he might have earned during his entire life expectancy had he remained employed.

It seems to us, under the Louisiana decisions, that suits for breach of contract, which claim as damages past and anticipated future wages, are actually claims for wages prescribed by one year under Article 3534, supra. See Campbell v. Nicholson, supra; Shoemaker v. H. & L. Bryan, supra; Taylor v. City of New Orleans, 41 La.Ann. 891, 6 So. 723; Martin v. H. & L. Bryan, 12 La.Ann. 722; Loggins v. Steel Construction Company, 5 Cir., 129 F.2d 118. The ten year statute which appellant would have us apply is by its own terms expressly not applicable where a shorter prescriptive period, as here, has been provided for. See Johnson v. Anderson-Dunham Concrete Co. Inc., 212 La. 276, 31 So.2d 797, 799; Shephard Realty Co. v. United Shoe Stores Co., 193 La. 211, 190 So. 383; Millaudon v. Martin, 6 Rob., La., 534. It follows that the judgment dismissing the action is

Affirmed.