235 F.2d 449
 Heazle Benjamin MAJORS and Clark Payton Walker, Appellants,
v.
Guy A. THOMPSON, Trustee of New Orleans, Texas and Mexico Railway Company, Debtor, (Missouri Pacific Railroad Company, substituted as appellee in place of Guy A. Thompson, Trustee, etc.), Appellee.
 No. 15966.
 United States Court of Appeals Fifth Circuit.
 June 30, 1956.
 Rehearing Denied August 16, 1956.
 
 Robert L. Collings, Lake Charles, La., Edward K. Alexander, DeQuincy, La., for appellants.
 M. Truman Woodward, Jr., New Orleans, La., Thos. T. Railey, St. Louis, Mo., John R. Stewart, Lake Charles, La., Hutcheson, Taliaferro & Hutcheson, Houston, Tex., Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., of counsel, for appellee.
 Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.
 JONES, Circuit Judge.
 
 
 1
 The plaintiff, Heazle Benjamin Majors, had been a railroad conductor employed by the defendant, Guy A. Thompson, Trustee of the New Orleans, Texas and Mexico Railway Company. In like situation was the plaintiff, Clark Payton Walker. They were members of the conductors' union known as the Order of Railway Conductors. The Union and the Trustee had made an agreement relating to employment by the Trustee of railway conductors. The Union was authorized to handle for its members grievances and complaints through a Committee of Adjustment. The Order of Railway Conductors and other railway unions joined with the Trustee in the establishment of a Special Board of Adjustment for the settlement of claims and grievances pursuant to the provisions of the Railway Labor Act as amended. 45 U.S.C.A. § 153 Second. This agreement provided that the awards of the Board should be final.
 
 
 2
 Each of the plaintiffs was discharged by the Trustee on July 1, 1952. A claim on behalf of each for reinstatement without loss of seniority and for back pay was asserted before the Special Board of Adjustment by the Union. On July 10, 1953, each of the claims was denied. On March 14, 1955, each of the plaintiffs filed against the Trustee a complaint in the District Court for the Eastern District of Louisiana initiating the actions from which this appeal has its origin. The plaintiffs sought, by their complaints filed in the court, as they had sought before the Special Adjustment Board, back pay and reinstatement to their jobs with seniority unimpaired, and each of them prayed "as an alternative plea of relief that in the event he is refused reinstatement in his position formerly held as a railroad conductor for the defendant" that he be awarded damages for breach of his contract of employment. By motions to dismiss and for summary judgment the Trustee interposed defenses, of which the two most vigorously presented are, first, that the actions are barred and prescribed by the provisions of Louisiana Civil Code; and second, that the submission to the Special Adjustment Board and its denial of the claims was res judicata. The cases were consolidated in the district court.
 
 
 3
 The district judge filed an opinion finding that the claim was within the exclusive jurisdiction of the Board and that the Louisiana Civil Code prescriptive provisions barred recovery. The judgment dismissed the actions for failure to state a claim upon which relief could be granted in that the causes of action are barred and prescribed by the liberative prescription of one year as provided by the Louisiana Civil Code. Appeals were taken from the judgment and are here consolidated.
 
 
 4
 By the law of Louisiana, among the actions prescribed by one year are "of workmen, laborers and servants, for the payment of their wages." Art. 3534, LSA-Civil Code. The period is three years "for the salaries of overseers, clerks, [and] secretaries". Art. 3538, LSA-Civil Code. All personal actions except those expressly enumerated are prescribed by ten years. Art. 3544, LSA-Civil Code. This court has recently held that the one-year prescriptive period applied to an action brought by a locomotive engineer against a railroad company for damages for wrongful discharge in breach of a contract between a union and the railroad company. Gould v. Louisiana & Arkansas Railway Co., 5 Cir., 1953, 203 F.2d 238. There it was held that the locomotive engineer was within the class described in the one-year statute and that the cause of action was one claiming wages. The trial court in the case we have under consideration could see no reason why a conductor should be given a longer time in which to sue than was had by an engineer. It was held by the trial court that if there was any basis for asserting that there was jurisdiction of the alternative claim for damages for breach of the employment contract, such claim was barred by prescription. The correctness of the trial court's determination that the one-year prescription statute applied need not have our concern if the administrative procedures have deprived the courts of jurisdiction.
 
 
 5
 The portions of the Railway Labor Act here applicable are:
 
 
 6
 "The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes." 45 U.S.C.A. § 153, First (i).
 
 
 7
 "Nothing in this section shall be construed to prevent any individual carrier, system, or group of carriers and any class or classes of its or their employees, all acting through their representatives, selected in accordance with the provisions of this chapter, from mutually agreeing to the establishment of system, group, or regional boards of adjustment for the purpose of adjusting and deciding disputes of the character specified in this section. In the event that either party to such a system, group, or regional board of adjustment is dissatisfied with such arrangement, it may upon ninety days' notice to the other party elect to come under the jurisdiction of the Adjustment Board." 45 U.S.C.A. § 153, Second.
 
 
 8
 Perhaps the leading case among those dealing with the question before us, and heavily relied upon by the plaintiffs, is Moore v. Illinois Central Railroad Company, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. In the Moore case it was decided that a railway employee, who claimed to be wrongfully discharged in violation of a collective bargaining agreement between his employer and the union of which he was a member, might bring an action for damages without submitting his claim and grievance to the National Railroad Adjustment Board. In later cases, it was determined that the courts were not empowered to interpret collective bargaining agreements before they had been interpreted by the Adjustment Board. Order of Railway Conductors v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318, Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L. Ed. 795; Order of Railway Conductors v. Southern R. Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811. So also it was held that jurisdictional disputes between labor organizations were not to be determined or reviewed by the courts. Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61; General Committee of Adjustment of Brotherhood of Locomotive Engineers, etc., v. Missouri-Kansas-Texas R. Co., 320 U.S. 323, 64 S. Ct. 146, 88 L.Ed. 76; General Committee of Adjustment of Brotherhood of Locomotive Engineers, etc., v. Southern Pacific Co., 320 U.S. 338, 64 S.Ct. 142, 88 L.Ed. 85. But such determinations do not preclude the courts from passing upon the validity of a provision of a bargaining agreement as distinguished from the interpretation of it. Brotherhood of Railroad Trainmen v. Howard, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283.
 
 
 9
 The opinion in the Slocum case, supra, points out that it is not inconsistent with the holding in the Moore case, supra, saying:
 
 
 10
 "Moore was discharged by the railroad. He could have challenged the validity of his discharge before the Board, seeking reinstatement and back pay. Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases. A common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide, and does not involve questions of future relations between the railroad and its other employees. If a court in handling such a case must consider some provision of a collective-bargaining agreement, its interpretation would of course have no binding effect on future interpretations by the Board." 339 U.S. 244, 70 S.Ct. 580.
 
 
 11
 Where required by state law, the employee seeking damages for wrongful discharge must exhaust his administrative remedies before being able to maintain an action in a Federal district court. Transcontinental & Western Air v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325.
 
 
 12
 In asking for restoration to their jobs, the plaintiffs in the case before us sought a remedy which the courts had no power to give. Where the employee has voluntarily applied to the Board for reinstatement an election of remedies has been made which bars the right to litigate before the courts a claim of damages for wrongful discharge. Michel v. Louisville & N. R. Co., 5 Cir., 1951, 188 F.2d 224. See also Sigfred v. Pan American World Airways, 5 Cir., 1956, 230 F. 2d 13, certiorari denied 76 S.Ct. 782; Coats v. St. Louis-San Francisco R. Co., 5 Cir., 1956, 230 F.2d 798. It is not here asserted that the plaintiffs were required by state law to avail themselves of administrative processes before seeking relief in the court. There seems to be no such requirement under the Louisiana law. Art. 2749, LSA-Civil Code.
 
 
 13
 Cited to us by the plaintiffs as being on all fours with the case at bar is Newman v. Baltimore & Ohio R. Co., 3 Cir., 1951, 191 F.2d 560, 561. There an action was brought by a railroad employee for wrongful discharge in breach of the employment contract between his union and his employer. It was not contended that the state law required that administrative remedies be exhausted before seeking judicial relief. The jurisdiction of the Federal district court was sustained, and properly so. The plaintiff there had not applied to the administrative tribunal and hence was entitled to invoke a judicial remedy. He had his choice of remedies as did the plaintiffs who are before us. Unlike them he chose to go before the courts. The remedies, between which the plaintiffs had a choice, are inconsistent and mutually exclusive. Michel v. Louisville & N. R. Co., supra.
 
 
 14
 The plaintiffs stated in their briefs, filed with the trial court, a willingness to amend. Before us their brief requests leave to file such amendments as may be necessary to show jurisdiction. Such amendments would, no doubt, take the form of a deletion of the allegations regarding and the prayers seeking reinstatement with back pay, leaving the complaints as claims for damage for breach of contract. In Newman v. Baltimore & Ohio R. Co., supra, where, as here, the complaint sought remedies in the alternative of damages or of reinstatement and pay, it was held that jurisdiction to grant the relief which the court could give should not be renounced because alternative relief was sought which only the Board could give. A contrary conclusion was reached in Walters v. Chicago & Northwestern R. Co., 7 Cir., 1954, 216 F.2d 332, a case where no administrative proceedings were had and where similar relief in the alternative was sought by the plaintiff. We are not put to a determination of whether the prayer for reinstatement should be ignored as was done in the Newman case or held decisive of the theory of the action as was done in the Walters case. This case is one where the plaintiffs had the right to elect an administrative remedy for reinstatement or a judicial remedy for damages, but without any right to seek both remedies. They elected the former and by their election they are bound. The decision of the Board adverse to them is final.
 
 
 15
 The plaintiffs urge that the determination by the Special Board of Adjustment is not binding and cannot be made the basis for any res judicata finding. The record shows the Board to have been properly constituted and the matters submitted to it were within its jurisdiction. 45 U.S.C.A. § 153, Second; Sigfred v. Pan American World Airways, supra.
 
 
 16
 The actions should have been dismissed for want of jurisdiction rather than on the ground that they were barred by prescription. The judgment will therefore be reversed with directions to dismiss the respective complaints for lack of jurisdiction.
 
 
 17
 Reversed with directions.